(No. 3164—

ELGIN, JOLIET AND EASTERN RAILWAY COMPANY, A CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 8, 1938.*

KNAPP, ALLEN & CUSHING, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein seeks an award of One Hundred ($100.00) Dollars for freight demurrage on two of its cars. The record discloses that on December 12, 1935 pursuant to orders received through the Department of Public Welfare, the two cars in question were set out for loading with crushed stone at the Illinois State Penitentiary, Joliet, Illinois, and were on that date duly loaded with crushed stone; that after having been so loaded they remained at the penitentiary quarry until December 31, 1935, at which time orders were given claimant to move the cars to the new prison at Joliet.

During the above period of time there was in effect a duly published tariff, whereby the shipper was granted forty-eight (48) hours free of demurrage time, after loading cars within which to give orders for disposition of same. After the expiration of such forty-eight (48) hours, a daily demurrage charge of Five ($5.00) Dollars per day is provided for under the tariff regulations.

Under the Average Demurrage Agreement Rule as provided for in Jones' Demurrage Tariff, No. 4-P, E. J. & E. ICC 2855, Item 740, Rule 9, the demurrage for the two cars

amounts to One Hundred ($100.00) Dollars. At the time such charge was incurred, there remained a sufficient unexpended balance in the appropriation from which such payment would have been made, which appropriation however lapsed on September 30, 1937.

The Attorney General on behalf of respondent concedes the merit of the claim. The service was lawfully ordered, was given in good faith, and while no reason is shown as to why the cars were held over the extended period of time, the failure to move same was not that of the claimant.

The case falls within the ruling heretofore made in the case of *Rock Island Sand & Gravel Co.* vs. *State*, 8 C. C. R., 165, and similar cases wherein the court has held—

"Where claimant has rendered services or furnished supplies to the State on orders from an official authorized to contract for same and submits a bill therefore within a reasonable time, and has not received payment therefor, and such non-payment is due to no negligence or fault on the part of claimant, an award for the reasonable and customary value of such service will be made if, at the time the obligation was incurred, there were sufficient funds remaining unexpended in the appropriation to pay for same."

An award is hereby allowed in favor of claimant in the sum of One Hundred ($100.00) Dollars.